IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRIAN REID,

    Plaintiff,

v.              CIVIL ACTION NO. 2:21-cv-00647

WEST VIRGINIA STATE POLICE, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

  The Court has reviewed the *Defendants' Motion to Dismiss in Part and in the Alternative for a More Definite Statement* (Document 14), the *Memorandum in Support of Defendants' Motion to Dismiss in Part and in the Alternative for a More Definite Statement* (Document 15), the *Plaintiff's Response to Defendants' Motion to Dismiss* (Document 18), and the *Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss, Etc.* (Document 21), as well as the Plaintiff's *Complaint* (Document 1-2). For the reasons stated herein, the Court finds that the motion to dismiss should be construed as a motion for judgment on the pleadings, granted in part and denied in part.

**FACTUAL ALLEGATIONS**

  The Plaintiff, Brian Reid, initiated this action in the Circuit Court of Kanawha County on or about November 17, 2021. He named the following Defendants: the West Virginia State Police

1

and Corporal A.B. Wilson, Trooper Thompson, and Corporal Jarvis, each sued in their individual and official capacities. The Defendants removed the matter to this Court on December 10, 2021.

The Plaintiff alleges that, on August 7, 2020, Cpl. Wilson and the Quincy Detachment of the West Virginia State Police were using a helicopter to search for marijuana in the area of Montgomery, West Virginia. Cpl. Wilson was notified that marijuana plants were being grown inside the yard concealed by a privacy fence at Mr. Reid's address. Cpl. Wilson entered the yard and began removing the plants. Mr. Reid approached him, explaining that the plants were his and he believed it was legal to grow marijuana for personal use in West Virginia. Cpl. Wilson asked to search the first-floor residence at the address, Apartment B, and Mr. Reid gave his consent. No marijuana was found in Apartment B. Cpl. Wilson then entered the second-floor residence, Apartment A, without consent, where he discovered an indoor grow lab and marijuana plants. He searched the apartment for other items not in plain view before applying for a search warrant. Another officer detained Mr. Reid while they sought a warrant.

When Cpl. Wilson returned with the warrant, he "arrested the plaintiff by picking him up off the couch, slamming him to the ground and punching him numerous times in the face and breaking his jaw." (Compl. at ¶ 13.) Cpl. Wilson claimed that Mr. Reid, who weighed 104 pounds, resisted arrest, and had a crystal-like substance in his hand, although it was not placed into evidence and no methamphetamine was found in his residence. No firearms were found in the residence.

The Complaint alleges additional times in which Cpl. Wilson used excessive force in the course of his duties as a law enforcement officer, including incidents on August 15, 2020, and on March 7, 2021. Other West Virginia State Troopers have likewise used excessive force on

multiple occasions in the past five years. The Plaintiff alleges that the "inappropriate use of force has been sanctioned by supervisors and is condoned by supervising personnel." (Comp. at ¶ 24.)

The Plaintiff alleges the following causes of action:[1] Count I – excessive force in violation of Article III, Section 10 of the West Virginia Constitution; Count II – vicarious liability as to the West Virginia State Police; Count III – negligent hiring, retention, and supervision as to the West Virginia State Police; Count IV – failure to protect the Plaintiff's constitutional rights, as to Defendants Wilson, Jarvis, and Thompson; Count V – battery; Count VI – Excessive Force in violation of the United States Constitution pursuant to 42 U.S.C. §1983; Count IX – *Monell* §1983 Claim, as to the State Police.[2]

**STANDARD OF REVIEW**

As an initial matter, the Court will construe the Defendant's motion to dismiss pursuant to Rule 12(b)(6) as a motion for judgment on the pleadings pursuant to Rule 12(c). The record reflects that an *Answer of the West Virginia State Police; Corporal A.B. Wilson; Trooper Thompson; and Corporal Jarvis to Plaintiff's Complaint* (Document 2) was filed on December 10, 2021, the same date the Defendants removed the case to federal court. Rule 12 provides that a motion asserting any defenses under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Rule 12(c) permits a motion for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." A motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is reviewed

---

[1] The Complaint does not specify legal claims for each count. The Court has attempted to ascertain the legal claim based on the content of each count.
[2] The Complaint does not contain a Count VII or Count VIII.

3

under the same standard as a motion filed under Rule 12(b)(6), testing the legal sufficiency of a complaint. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or

arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants urge the Court to dismiss several of the claims contained in the Plaintiff's complaint. They argue that Count I must be dismissed because the West Virginia Supreme Court has held that West Virginia does not recognize a private right of action for violations of Article III, Section 6, the provision of the West Virginia Constitution that prohibits excessive force. They argue that Count II must be dismissed because vicarious liability is not a stand-alone cause of action. They argue that Count III, asserting negligent hiring, retention, and supervision, must be dismissed because West Virginia law bars claims of negligence against state agencies that are not

within the West Virginia Governmental Tort Claims and Insurance Reform Act. They argue that Count IV should be dismissed because it is vague, overbroad, and does not satisfy Rule 8's pleading standard. In the alternative to seeking dismissal of Count IV, the Defendants move for a more definite statement pursuant to Rule 12(e). The Defendants further move for the dismissal of the § 1983 excessive force claim as to the State Police and the individual defendants in their official capacities. Finally, the Defendants argue that the *Monell* claim in Count IX must be dismissed because *Monell* claims may be brought only against local governmental entities, not states.

The Plaintiff argues that his Count I claim is properly brought under § 10 of Art. III of the West Virginia Constitution because that provision recognizes a private right of action, while § 6, which prohibits excessive force, does not. He argues that his claim for vicarious liability is "attached to the claim that the Defendant Troopers' actions were done in bad faith, maliciously, in a wanton and reckless manner, and were clear violations of established law." (Pl.'s Resp. at 2.) The Plaintiff further contends that he pled sufficient facts to state a claim for negligent hiring, retention, and supervision. As to Count IV, he argues that the complaint is "sufficient to put Defendants on notice of a claim and clearly contains a short and plain statement of the claim showing that the pleader is entitled to relief." (*Id.* at 6.) Finally, the Plaintiff indicates that he only intended to bring Count VI against the officers in their individual capacities.

### A. Count I – Excessive Force/Due Process, West Virginia Constitution

Article III § 6 of the West Virginia Constitution, in language similar to the Fourth Amendment of the United States Constitution, prohibits unreasonable searches and seizures. W. Va. Const. art. III, § 6. Article III § 10, in language similar to the Fourteenth Amendment of the

United States Constitution, provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." *Id.* at § 10. The West Virginia Supreme Court recently held that "West Virginia does not recognize a private right of action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution." Syl. Pt. 3, *Fields v. Mellinger*, 851 S.E.2d 789 (W.Va. 2020). Prior to the *Fields* decision, Judge Joseph R. Goodwin issued an opinion similarly finding no private right of action for monetary damages under Article III, Section 6, and further finding that Article III, Section 10 cannot provide a remedy for excessive force claims. *Nutter v. Mellinger*, No. 2:19-CV-00787, 2020 WL 401790, at *6 (S.D.W. Va. Jan. 23, 2020) (Goodwin, J.). He explained that claims covered by specific constitutional provisions must be analyzed under those provisions, not as substantive due process claims, and therefore due process was "an inappropriate framework to analyze plaintiffs' [excessive force] claims." *Id.*

The Court finds that the weight of the authority heavily supports a finding that plaintiffs may not seek monetary damages for excessive force claims under Article III, Section 10. The West Virginia Supreme Court held that monetary damages are not available for claims arising under Article III, Section 6. Consistent with that opinion, the Court finds that an excessive force claim alleging violation of Article III, Section 6, cannot be shoehorned into an Article III, Section 10, claim simply to take advantage of the remedies available under that provision. Therefore, the Court finds that the Defendants' motion for judgment on the pleadings should be granted as to Count I.[3]

---

3 As both parties acknowledge, the West Virginia Supreme Court is currently considering a certified question asking whether a plaintiff may seek relief under Article III, Section 10, for a claimed violation of Article III, Section 6. *Stepp v. Cottrell*, No. 21-0412 (W. Va. Jan. 5, 2022) (arising from *Bradley Cottrell v. Nathan Scott Stepp*, 2:18-cv-1281, pending before Chief Judge Thomas E. Johnston). Should the West Virginia Supreme Court hold that such an avenue

7

### B. Count II – Vicarious Liability

"Vicarious liability is not an independent cause of action. Rather, it is…a theory of liability [that] cannot stand on its own." *Myers v. City of Charleston*, No. 2:19-CV-00757, 2020 WL 4195005, at *15 (S.D.W. Va. July 21, 2020), *reconsideration denied*, No. 2:19-CV-00757, 2020 WL 6702034 (S.D.W. Va. Nov. 13, 2020) (Johnston, C.J.). Although vicarious liability is not an independent cause of action, "West Virginia courts recognize that these theories [vicarious liability and joint venture] may be asserted as independent claims as long as they are based on other underlying claims." *Young v. Apogee Coal Co. LLC*, No. 2:12-CV-01324, 2014 WL 1900791, at *2 (S.D.W. Va. May 13, 2014) (Goodwin, J.).[4]

The Plaintiff has alleged that the West Virginia State Police is vicariously liable for the acts of the individual Defendants. He has a pending state law claim for battery against those Defendants. While the Complaint does not clearly specify which counts are brought against which Defendants, Count II may be read as a claim seeking to extend liability against the State Police as to those state law claims. The Defendants do not assert other grounds for dismissal of Count II. Thus, the Court finds that dismissal is not appropriate at this stage, although Count II cannot stand alone as an independent cause of action.

### C. Count III – Negligent Hiring, Retention, and Supervision

Under West Virginia law, the test for negligent hiring or retention is whether "the employer conduct[ed] a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury…that could result from the conduct

---

of relief is available, the Plaintiff will remain free to seek to have Count I reinstated.
4  The Court observes that complaints drafted with greater clarity would resolve the confusion regarding "counts" that allege theories of liability rather than independent causes of action.

8

of an unfit employee" and whether the employer should "have reasonably foreseen the risk caused by hiring or retaining an unfit person." *McCormick v. W. Virginia Dep't of Pub. Safety*, 503 S.E.2d 502, 506 (W. Va. 1998). Where such claims are brought against a state entity, the West Virginia Supreme Court has held that "the broad categories of training, supervision, and employee retention…easily fall within the category of 'discretionary' governmental functions," for which immunity applies absent an insurance contract waiving the defense. *W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 773 (W. Va. 2014). Summarizing the holdings in *A.B.*, Judge Copenhaver explained that a state agency could be liable only if: " (1) any negligence with respect to training, supervision, or retention was committed within the scope of an…employee's employment; and (2) the negligence violated a 'clearly established' right or law with respect to training, supervision, or retention." *Radford v. Hammons*, No. CIV.A. 2:14-24854, 2015 WL 738062, at *9 (S.D.W. Va. Feb. 20, 2015) (Copenhaver, J.) (internal quotation marks and punctuation omitted).

The Plaintiff's Complaint contains no allegations of specific rights or laws imposed on the State Police with respect to hiring, retention, or supervision that were not followed, leading to the violations by the individual Defendants. *See W. Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 774 (W. Va. 2014) ("respondent has failed to identify a single regulation which the WVRJCFA has violated as pertains to training, supervision, or retention, which proximately caused D.H.'s alleged actions"). Therefore, the Court finds that he has failed to state a claim against the State Police for negligent hiring, retention, or supervision under West Virginia law, and the Defendants' motion for judgment on the pleadings as to Count III should be granted.

### D. Count IV

Count IV alleges that "Defendants Wilson, Thompson and Jarvis owe a duty to Plaintiff to perform their positions as police officers by following established protocol and by respecting and protecting the rights given to Plaintiff under the West Virginia and United States Constitutions." (Compl. at ¶ 40.) It further alleges that the "failure of Defendants to protect and observe the constitutional rights of the Plaintiff was a direct cause of the injuries suffered by Plaintiff." (*Id.* at ¶42.) In response to the Defendants' argument that it is impossible to discern a specific legal cause of action from those allegations, the Plaintiff simply argues that his complaint "is sufficient to put Defendants on notice of a claim and clearly contains a short and plain statement of the claim showing that the pleader is entitled to relief." (Pl.'s Resp. at 6.) He further contends that he is not required to present all facts and evidence that could be obtained in discovery in the complaint.

Like the Defendants, the Court is unable to discern what legal claim the Plaintiff intended to bring in Count IV, and his response provides no clarification. Neither the Defendants nor the Court can evaluate whether the Plaintiff has stated facts supporting the legal elements of a claim without sufficient clarity to identify a claim. Thus, the Court finds that the motion for judgment on the pleadings should be granted as to Count IV.[5]

### E. Count VI - § 1983

The parties are in agreement that the § 1983 excessive force claim contained in Count VI is viable only as to Defendants Thompson, Jarvis, and Wilson in their individual capacities.

---

[5] The Defendants moved in the alternative for a more definite statement as to Count IV. A motion for a more definite statement must be made before a responsive pleading is filed. Fed. R. Civ. P. 12(e). Because the Defendants have filed an Answer in this matter, the motion for a more definite statement must be denied.

10

Therefore, the Defendants' motion for judgment on the pleadings will be granted to the extent Count VI contains claims against the State Police or the officers in their official capacities.

### F. Count IX – Monell

In *Monell v. Dep't of Soc. Servs. of City of New York*, the Supreme Court held that a local government could be sued under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. 658, 694 (1978). However, the Supreme Court later held that "a State is not a person within the meaning of § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). "Inasmuch as the State Police is neither a municipality nor a municipal agency, but a state agency falling under the rule of *Will*, Plaintiff's *Monell* claim must be dismissed with prejudice." *Krein v. W. Virginia State Police*, No. 2:11-CV-00962, 2012 WL 2470015, at *6 (S.D.W. Va. June 27, 2012) (Copenhaver, J.). Thus, the motion for judgment on the pleadings must be granted as to Count IX.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss in Part and in the Alternative for a More Definite Statement* (Document 14) be **DENIED** as to Count II and **GRANTED** as to Count I, Count III, Count IV, Count VI as to any claim against the State Police and the remaining Defendants in their official capacities, and Count IX. The Court further **ORDERS** that Counts I, III, IV, and IX be **DISMISSED** without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 10, 2022

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA